UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GEORGE GUNTER,<br>          Plaintiff | )<br>)<br>)<br>) |  |
| v. | )<br>) | CIVIL ACTION NO. |
| ANTHONY O. CICERO and<br>JOHN LOPEZ,<br>          Defendants | )<br>)<br>)<br>)<br>) |  |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for money damages brought pursuant to the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H and 11I, Article 14 of the Massachusetts Declaration of Rights, and under the common law of the Commonwealth of Massachusetts, against Anthony O. Cicero and John Lopez, police officers of the City of Springfield, in their individual capacities.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the Defendants made an unreasonable seizure of the person of the Plaintiff, George Gunter, violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights, and that the Defendants assaulted and battered the Plaintiff.

### PARTIES

3. The Plaintiff, George Gunter, is an individual residing at 191 Boston Road, Apt. 6,

1

Springfield, MA 01109.

4. The Defendants, Anthony O. Cicero ("Officer Cicero") and John Lopez ("Officer Lopez") were at all times relevant to the allegations of this Complaint duly appointed and acting officers of the police department of the City of Springfield, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Springfield.

### STATEMENT OF FACTS

5. On September 15, 2015, at approximately 2:20 AM, the Plaintiff was walking south on Market Street in the City of Springfield, Massachusetts.

6. As the Plaintiff was crossing Falcon's Way from Market Street towards the MassMutual Center, the Defendants, who were both on duty and in full police uniform, pulled alongside the Plaintiff in a marked police cruiser.

7. The Defendants asked the Plaintiff where he was coming from and where he was going.

8. The Plaintiff answered that he was coming from the bars and was heading to buy food at Crown Fried Chicken, which is located on the corner of Main and State Streets.

9. The Plaintiff continued walking away from the Defendants.

10. The Defendants ordered the Plaintiff to stop and put his hands against the wall of the MassMutual Center building.

11. The Plaintiff stopped walking, and asked the Defendants why he was being stopped.

12. The Defendants exited their cruiser and approached the Defendant.

13. Officer Lopez took out and extended his service baton.

14. The Plaintiff took his identification card out of his pocket, and with an outstretched arm, presented it to Officer Lopez.

15. Officer Lopez grabbed the Plaintiff's outstretched arm, and twisted it.

16. Fearing that he would be struck with the baton, the Plaintiff pulled his arm free of Officer Lopez's grasp.

17. Officer Cicero then rushed towards the Plaintiff and pinned him against the side of the cruiser.

18. As the Plaintiff was being pinned against the cruiser, Officer Lopez approached the Plaintiff with his baton raised.

19. The Plaintiff, again fearing for his own safety, pushed Officer Cicero to the ground.

20. The Plaintiff then sidestepped Officer Lopez who was rushing towards him with his baton raised and was able to push him to the ground as well.

21. At no time during this initial encounter did either of the Defendants inform the Plaintiff that they intended to place him under arrest.

22. The Plaintiff then fled from the Defendants and hid in a construction area on Pynchon Place.

23. Approximately one hour after the initial encounter, the Defendants located the Plaintiff with the assistance of a K-9 dog.

24. Officer Cicero pointed his pistol at the Plaintiff and told him to "freeze".

25. The Plaintiff came out of his hiding place with his hands up and attempted to surrender himself.

26. Officer Cicero struck the Plaintiff on the back of the head with a blunt object, possibly his service pistol or flashlight, knocking him to the ground.

27. The Defendants then began to kick the Plaintiff about his head and body as he lay on the ground.

28. The Defendants then dragged the Plaintiff out of the fenced-in construction area.

29. The Defendants placed the Plaintiff in handcuffs and transported him to the Springfield Police Station for booking.

30. The Defendants sought a criminal complaint against the Plaintiff, charging him with two counts of Assault and Battery on a Police Officer and one count of Resisting Arrest.

31. On September 15, 2015, Complaint Docket No. 1523CR6546 was issued and the Plaintiff was arraigned before the Springfield District Court.

32. At arraignment, bail was set in the amount of $5,000.00 over the objection of the Plaintiff, who had argued for bail in the amount of $1,000.00.

33. On September 22, 2015, the Plaintiff appeared before the Hampden County Superior Court on the Plaintiff's petition to reduce the bail to $1,000.00.

34. After a hearing, the Court reduced the Plaintiff's bail to $3,000.00.

35. The Plaintiff was never able to post bail, and remained held at the Hampden County Corrections Center in Ludlow, Massachusetts during the pendency of his case.

36. From December 14, 2015 through December 15, 2015, a jury trial was conducted in the Springfield District Court.

37. The jury returned a verdict of not guilty on all counts.

38. After the verdict was rendered, the Plaintiff was set at liberty.

39. As a direct result of his unlawful arrest at the hands of the Defendants and subsequent malicious prosecution, the Plaintiff was held from September 15, 2015 through December 15, 2015 for a total of 91 days.

40. As a result of this period of incarceration, the Plaintiff suffered a loss of earning capacity as he was prevented from working at the Dunkin Donuts shop on Belmont Avenue in the

City of Springfield, where he was scheduled to begin working the week following his arrest.

41. As a direct result of the excessive force used by the Defendants against the Plaintiff at the time of his arrest, the Plaintiff received a scar on the back of his head, and suffered headaches and sensitivity to light for approximately two months.

42. As a direct result of his unlawful arrest and imprisonment and the use of excessive force against him, the Plaintiff suffered severe emotional distress.

**COUNT I – UNLAWFUL ARREST (42 U.S.C. §§ 1983 and 1988)**

43. The Plaintiff realleges and incorporates herein Paragraphs 1-42.

44. The Defendants, acting under color of law, intentionally and unlawfully arrested the Plaintiff without probable cause, thereby depriving the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

45. As a direct result, the Plaintiff was deprived of his liberty and suffered physical, emotional, and financial harm.

46. The Plaintiff is therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

**COUNT II – UNLAWFUL ARREST (M.G.L. c. 12 §§ 11H and 11I)**

47. The Plaintiff realleges and incorporates herein Paragraphs 1-46.

48. The Defendants, by means of threats, intimidation, and coercion, intentionally and unlawfully arrested the Plaintiff without probable cause, thereby depriving the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by Article 14 of the Massachusetts Declaration of Rights.

49. As a direct result, the Plaintiff was deprived of his liberty and suffered physical,

emotional, and financial harm.

50. The Plaintiff is therefore entitled to damages pursuant to the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12 §§ 11H and 11I.

### COUNT III – FALSE ARREST (COMMON LAW)

51. The Plaintiff realleges and incorporates herein Paragraphs 1-50.

52. The Defendants, acting under color of law, intentionally and unlawfully arrested the Plaintiff without probable cause.

53. As a direct result, the Plaintiff was deprived of his liberty and suffered physical, emotional, and financial harm.

54. The Plaintiff is therefore entitled to damages under Massachusetts common law.

### COUNT IV – FALSE IMPRISONMENT (COMMON LAW)

55. The Plaintiff realleges and incorporates herein Paragraphs 1-54.

56. The Defendants, acting under color of law, intentionally and unlawfully arrested the Plaintiff without probable cause, thereby directly confining the Plaintiff against his will.

57. The Plaintiff was conscious of said unconsented-to confinement, deprived of his liberty, and suffered physical, emotional, and financial harm as a direct result.

58. The Plaintiff is therefore entitled to damages under Massachusetts common law.

### COUNT V – EXCESSIVE FORCE (42 U.S.C. §§ 1983 and 1988)

59. The Plaintiff realleges and incorporates herein Paragraphs 1-58.

60. The Defendants, acting under color of law, used excessive and unreasonable force in the course of placing the Plaintiff under arrest, thereby depriving the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

61. The Plaintiff suffered physical and emotional harm as a direct result.

62. The Plaintiff is therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

### COUNT V – EXCESSIVE FORCE (M.G.L. c. 12 §§ 11H and 11I)

63. The Plaintiff realleges and incorporates herein Paragraphs 1-62.

64. The Defendants, by means of threats, intimidation, and coercion, used excessive and unreasonable force in the course of placing the Plaintiff under arrest, thereby depriving the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by Article 14 of the Massachusetts Declaration of Rights.

65. The Plaintiff suffered physical and emotional harm as a direct result.

66. The Plaintiff is therefore entitled to damages pursuant to the MCRA, M.G.L. c. 12 §§ 11H and 11I.

### COUNT VI - ASSAULT AND BATTERY (COMMON LAW)

67. The Plaintiff realleges and incorporates herein Paragraphs 1-66.

68. The Defendants intentionally and unjustifiably used physical force against the Plaintiff.

69. Said use of physical force was unreasonable, offensive, unconsented to by the Plaintiff, and caused physical injury to the Plaintiff.

70. The Plaintiff is therefore entitled to damages under Massachusetts common law.

### COUNT VII – MALICIOUS PROSECUTION (42 U.S.C. §§ 1983 and 1988)

71. The Plaintiff realleges and incorporates herein Paragraphs 1-70.

72. The Defendants, acting under color of law, initiated criminal proceedings against the Plaintiff without probable cause and with malice towards the Plaintiff.

73. The Plaintiff was found not guilty of the criminal charges brought by the Defendants.

74. As a direct result of the Defendants' malicious actions, the Plaintiff was confined against

his will during the pendency of the criminal case, and was therefore deprived of his liberty and the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

75. As a direct result of the Defendants' malicious actions, the Plaintiff suffered physical, emotional, and financial harm.

76. The Plaintiff is therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT VIII – MALICIOUS PROSECUTION (COMMON LAW)

77. The Plaintiff realleges and incorporates herein Paragraphs 1-76.

78. The Defendants initiated criminal proceedings against the Plaintiff without probable cause and with malice towards the Plaintiff.

79. The Plaintiff was found not guilty of the criminal charges brought by the Defendants.

80. As a direct result of the Defendants' malicious actions, the Plaintiff was confined against his will during the pendency of the criminal case and suffered physical, emotional, and financial harm.

81. The Plaintiff is therefore entitled to damages under Massachusetts common law.

## COUNT IX – ABUSE OF PROCESS (COMMON LAW)

82. The Plaintiff realleges and incorporates herein Paragraphs 1-81.

83. The Defendants initiated criminal proceedings against the Plaintiff.

84. The Defendants initiated said criminal process for an ulterior and/or illegitimate purpose, to wit: (1) to cover up their unlawful arrest and imprisonment of the Plaintiff and their use of excessive and unreasonable force in carrying out said arrest, (2) to protect themselves from criminal and civil liability for their illegal actions, and (3) to frustrate the Plaintiff from pursuing legal remedies available to him.

85. As a direct result of the Defendants' actions, the Plaintiff was deprived of his liberty and suffered physical, emotional, and financial harm.

86. The Plaintiff is therefore entitled to damages under Massachusetts common law.

## COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COMMON LAW)

87. The Plaintiff realleges and incorporates herein Paragraphs 1-86.

88. The Defendants' actions of unlawfully arresting the Plaintiff, using excessive and unreasonable force against the Plaintiff, and maliciously filing false criminal charges against the Plaintiff directly caused the Plaintiff to suffer severe emotional distress.

89. Said conduct was extreme and outrageous.

90. The Defendants either intended that the Plaintiff suffer emotional distress, or knew or should have known that emotional distress was a likely consequence of their conduct.

91. The Plaintiff is therefore entitled to damages under Massachusetts common law.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment on his behalf and:

1. Award appropriate compensatory damages to him from the Defendants jointly and severally in an amount to be determined by the Court;

2. Award him interest, costs, and attorney's fees; and

3. Award such other relief as this Court deems just, equitable, and appropriate.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Dated: November 15, 2016              By: */s/ Peter A. Slepchuk*
                                       Peter Alexander Slepchuk, BBO#: 682078
                                       Attorney for the Plaintiff
                                       155 Maple St., Suite 405
                                       Springfield, MA 01105
                                       Tel: (413) 736-3649; Fax: (413) 747-9022
                                       E-mail: peter.alexander@slepchulaw.com