UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE GUNTER,<br>           Plaintiff<br><br>v.<br><br>ANTHONY O. CICERO and<br>JOHN LOPEZ,<br>           Defendants | CIVIL ACTION NO. 3:16-CV-30183-MGM |

## JOINT PRE-TRIAL MEMORANDUM

Pursuant to the Court's October 17, 2019 Pre-Trial Procedural Order and Rule 16.5(d) of the Local Rules of the United States District Court for the District of Massachusetts, counsel for the above named parties have conferred and state as follows:

(1)    <u>Concise Summary of the Evidence That Will Be Offered</u>

    (A)    **Plaintiff**

On September 15, 2015, the Defendants, Anthony Cicero and John Lopez, were both on duty working as duly appointed and acting officers of the Springfield Police Department. At approximately 2:20 AM, the Defendants encountered the Plaintiff, George Gunter, as he was walking on Market Street in the City of Springfield. The Defendants physically detained and the Plaintiff without any legal justification, as they had neither reasonable suspicion nor probable cause to believe that he had committed a crime or was engaged in criminal activity. As a result of being unlawfully seized, the Plaintiff suffered indignity, embarrassment, humiliation, fear, anxiety, anger, mental anguish, and impairment of reputation.

(B)    **<u>Defendants</u>**

This claim arises out of the detention of the Plaintiff, George Gunter, on September 15, 2015 on Market Street, in Springfield, Massachusetts. The Plaintiff had been coming from Center Stage on Dwight Street and was heading to Crown Fried Chicken located on the corner of State Street and Main Street in Springfield, Massachusetts. As the Plaintiff walked from Center Stage over to Crown Fried Chicken he was spotted by the defendants. Plaintiff appeared to be exiting a building on Market Street. Market Street runs in between Harrison Avenue and Falcons Way (now known as Bruce Landon Way) in downtown Springfield.

Springfield Police Officers John Lopez and Anthony Cicero were on patrol in the downtown Springfield area in their marked police cruiser on Harrison Avenue when they first spotted the Plaintiff walking out of a building on Market Street. At the time they observed the Plaintiff walking out of a building; the businesses were closed to the public and had been for some period of time. No residences on Market Street and local homeless are known to sleep on the street and inside the buildings. When Officers John Lopez and Anthony Cicero first saw the Plaintiff, they drove in their police cruiser from Harrison Street to Falcons Way.

They met the Plaintiff on Falcons Way and attempted to make a threshold inquiry in regards to their observations of the Plaintiff walking out of a building on Market Street at that time of night. Plaintiff stated "for what?" and began to back away from the officers. As the officers continued to speak to the Plaintiff, he continued to walk away from them and refused to remove his hands from his pockets. When Plaintiff refused to remove his hands from his pockets, the officers attempted to escort him to the cruiser to

pat him down. Within only a few minutes the Plaintiff assaulted the police officers. At that point in time the officers had probable cause to arrest Mr. Gunter, and any damages he suffered are limited to the period from the initial stop until he swung at the officers.

(2) Facts Established by Pleadings or by Stipulations or Admissions of Counsel

On September 15, 2015, the Defendants, Anthony Cicero and John Lopez, were employed as police officers by the City of Springfield Police Department. On September 15, 2015 at approximately 2:20 AM, the Defendants ordered the Plaintiff to stop as he was crossing Falcon's Way from Market Street in the City of Springfield, Massachusetts. Prior to the Defendants ordering the Plaintiff to stop, the Defendants had not received a dispatch or any other report of a break-in on Market Street. Prior to the Defendants ordering the Plaintiff to stop, the Defendants did not hear a security alarm sounding from any of the buildings on Market Street. Prior to the Defendants ordering the Plaintiff to stop, the Defendants did not observe any physical signs of a break-in, such as a broken window or pried open door, on Market Street. The Defendants initiated physical contact with the Plaintiff by grabbing him by the arms as he was walking away from the Defendants on Falcon's Way. After seizing the Plaintiff, the Defendants did not observe any physical signs of a break-in, such as a broken window or pried open door, on Market Street. During the course of their interactions with the Plaintiff on September 15, 2015, the Defendants were at all times duly appointed and acting officers of the police department of the City of Springfield, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Springfield.

Based upon the Court's order, the damages in this case are limited to any damages the

Plaintiff suffered in the period from the initial stop until he swung at the officers.

(3)  Contested Issues of Fact

(i) Whether Defendants were instructed by a supervising officer to closely patrol the Market Street area due to recent break-ins.

(ii) Whether a call for service log for Market Street accurately depicts calls for service for the businesses located on Market Street because many of those businesses have Main Street addresses.

(iii) Whether the Plaintiff backed away from Defendants with his hands in his pockets when Defendants attempted to perform a field inquiry.

(4)  Jurisdictional Questions

None.

(5)  Questions Raised by Pending Motions

The Plaintiff has filed the following motions *in limine*:

(i)  Plaintiff's Motion *In Limine* To Exclude Evidence Of Marijuana Possession;

(ii)  Plaintiff's Motion *In Limine* To Exclude Evidence That Plaintiff Was On Probation At The Time He Was Seized By The Defendants;

(iii)  Plaintiff's Motion *In Limine* To Exclude Evidence Of Plaintiff's Prior Criminal Convictions;

(iv)  Plaintiff's Motion *In Limine* For Sequestration Of Defendants' Witnesses; and

(v)  Plaintiff's Motion *In Limine* For Attorney-Conducted Panel *Voir Dire*.

The Defendants have filed the following motions in limine:

(i)  Defendants' Motion in Limine to Limited Plaintiff's Testimony and

(ii)  Defendants' Motion in Limine to Preclude Plaintiff from Seeking Punitive

4

       Damages.

(6)    <u>Issues of Law, Including Evidentiary Questions, Together with Supporting Authority</u>

       See the Parties' motions *in limine*.

(7)    <u>Any Requested Amendments to the Pleadings</u>

       None

(8)    <u>Any Additional Matters to Aid in the Disposition of the Action</u>

       None

(9)    <u>The Probable Length of the Trial</u>

       1-2 days

(10)   <u>The Names, Addresses and Telephone Numbers of Witnesses to be Called (Expert and Others) and Whether the Testimony of Any Such Witness is Intended To Be Presented By Deposition</u>

**Plaintiff's Witnesses**

George Gunter, 191 Boston Road, Apt. 6, Springfield, MA 01109, tel. 413-301-6100

Philip McBride, 130 Pearl Street, Springfield, MA 01105

Anthony Cicero, 130 Pearl Street, Springfield, MA 01105

John Lopez, 130 Pearl Street, Springfield, MA 01105

Keeper of Records for Springfield Emergency Communications

**Defendants' Witnesses**

Anthony Cicero, 130 Pearl Street, Springfield, MA 01105;

John Lopez, 130 Pearl Street, Springfield, MA 01105 and

Keeper of Records for the Hampden County Correctional Center, Department of Health Services, 627 Randall Road, Ludlow, MA 01056.

(11)   <u>The Proposed Exhibits</u>

**Plaintiff's Proposed Exhibits**

Photographs of Market Street

Google Map of Market Street and the surrounding area

Call for Service Records for Market Street for 1/1/15 – 9/15/15

**Defendants' Proposed Exhibits**

Plaintiff's medical records from the Hampden County House of Correction

(12) <u>The Parties' Respective Positions On Any Remaining Objections To The Evidence Identified In the Pretrial Disclosure Required by Fed. R. Civ. P. 26(a)(3)</u>

None.  The Parties have not disclosed any expert witnesses.

Proposed Voir Dire Questions

**Plaintiff's Proposal**

1. The Plaintiff in this case is African American.  Do you believe that the Plaintiff's race would prevent you in any way from being a fair and impartial juror in this case? (*at sidebar*).

2. In this case you will hear testimony from police officers as well as civilian witnesses.  Some folks tend to automatically credit or believe the testimony of a police officer, simply because that witness is a police officer.  On the other hand, some folks tend to automatically discredit or disbelieve the testimony of a police officer simply because the witness is a police officer.  And still other folks view the testimony of police officers and civilian witnesses equally.  Would you be more likely to believe, or disbelieve, the testimony of a police officer simply because that witness is a police officer?

3. Over the course of the past few years, there has been extensive media coverage concerning claims of excessive force and racial profiling by police against members of the African American community.  There has been much reaction to this on social media

exemplified by such slogans as "Black Lives Matter" and "Blue Lives Matter". Do you believe that this public attention will have any impact on your ability to be fair and impartial in a case such as this one where the Plaintiff, who is African American, is alleging violations of his civil rights by the Defendants, who are police officers?

4. Claims of excessive force and racial profiling by police against members of the African American community have raised a great deal of publicity. Do you feel that what you have heard or read will affect your ability to remain fair or impartial?

5. Have you ever participated in the social media campaigns that have the hashtags #BlackLivesMatter or #BlueLivesMatter, or do you have any opinions either positive or negative about those campaigns?

6. In civil cases like this, the standard of proof is called proof by a preponderance of the evidence. That means that jurors must base their decisions on whether the Plaintiff is more likely right than wrong. For example, if the evidence is 51% or higher in favor of the Plaintiff, you must find for the Plaintiff. Jurors are allowed to have doubts, but must ultimately decide the case on the side with less doubts. Some people think this standard of proof is too unfair to the Defendant and makes it too easy for the Plaintiff. Others are okay with it. How do you feel?

7. In this case, the Plaintiff is alleging that as a result of the Defendants' actions he suffered indignity, embarrassment, humiliation, fear, anxiety, anger, mental anguish, and impairment of his reputation. He is seeking compensation for those injuries. Some people are simply unwilling to award such damages against a police officer, even if the police officer's conduct was unlawful. Others are okay with awarding those types of damages against a police officer. How do you feel?

8. The damages that the Plaintiff is seeking compensation for do not come with a price tag. It will be for you to collectively decide what amount of monetary compensation, if any, to award the Plaintiff for the injuries he suffered. Some folks find it helpful to receive some guidance from the attorneys on the fair amount of damages. Other folks don't want the attorneys suggesting what amount they should award. Who here would find it helpful if, at the end of the trial, the attorneys in this case suggested what we believe the Plaintiff's damages are worth?

9. Who here has ever experienced aches and pains as they have gotten older?

10. I want you to image a scenario where someone has some ongoing back pain. And then another person does something wrongful, whether negligently or intentionally, that makes that back pain worse than it was before. Some people think that in that scenario the person with the back pain doesn't deserve any financial compensation because that person already had a back problem from before. Others disagree, and feel that if the back condition was made worse, then the person responsible for making it worse should financially compensate the person. How do you feel? Why?

11. Now imagine that we aren't talking about a physical condition, but a mental or emotional condition such as anxiety or depression. If someone does something wrongful that causes a person's anxiety or depression to become worse than it was before, do you think that the person responsible should have to financially compensate the person whose emotional condition was made worse? Why?

**Defendants' Proposal**

1. Police officers and other law enforcement personnel are often required to make split second decision based on only on the limited knowledge they have at the time. Would

you be comfortable concluding that although the officer's decision was ultimately incorrect, it was a reasonable mistake and not done with malicious intent.

2. The Defendants in this action are white police officers while the Plaintiff in this action is an African American man. Are you likely to assume that because the parties are different races the actions of the parties were racially motivated?

3. The Plaintiff in this action is requesting monetary compensation for his mental suffering as well as punitive damages to punish the Defendants' wrong doings. Are you likely to assume that because an officer is trained and knowledgeable in the law, any conduct that is later adjudicated unconstitutional was intentionally done in violation of the plaintiff's rights?

4. Have you or any member of your family or any close friend ever had any experience that you considered negative in dealing with law enforcement agents? If yes, will that experience in any way affect your judgment of the facts of this case?

<u>Concise Statement Of The Case Framing The Purpose Of The Second Trial To Be Given To The Jury Before Opening Statements</u>

**<u>Plaintiff's Proposal</u>**

On September 15, 2015, the Defendants, Anthony Cicero and John Lopez, were both on duty working as duly appointed and acting officers of the Springfield Police Department. At approximately 2:20 AM, the Defendants encountered the Plaintiff, George Gunter, as he was walking on Market Street in the City of Springfield. The Defendants physically detained the Plaintiff as he was crossing Falcons Way.

The Plaintiff brought a lawsuit against the Defendants alleging that their actions that night violated his constitutional right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution and Article 14 of the Massachusetts Constitution.

The Court has determined that the Defendants actions in seizing the Plaintiff that night were unlawful because the Defendants had neither reasonable suspicion nor probable cause to believe that the Plaintiff had committed a crime or was engaged in criminal activity. As such, the Plaintiff has established that the Defendants did in fact violate his constitutional right to be free from unreasonable seizure.

The purpose of this trial is to determine what amount of money, if any, you are to award to the Plaintiff for the damages he suffered as a result of the Defendants' unlawful conduct. Such damages fall into two categories, compensatory and punitive.  State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003).  "Compensatory damages 'are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct.'" Id. quoting Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 432 (2001).  In this case, the Plaintiff alleges that as a result of being unlawfully seized by the Defendants, he suffered indignity, embarrassment, humiliation, fear, anxiety, anger, mental anguish, and impairment of reputation. It will be for you to decide what amount of money, if any, you will award the Plaintiff to compensate him for these alleged injuries.

Punitive damages, on the other hand, "serve a broader function; they are aimed at deterrence and retribution." Id. citing Cooper Indus., Inc., 52 U.S. at 432. An award of punitive damages is appropriate where the defendants' conduct is motivated by evil motive or intent, or when it involves reckless or callous indifference to the plaintiff's federally protected rights. Smith v. Wade, 461 U.S. 30, 30 (1983).  This standard is satisfied where the defendants act in the face of a perceived risk that their actions would violate the plaintiff's rights under federal law. Iacobucci v. Boulter, 193 F.3d 14, 26 (1st Cir. 1999) quoting Kolstad v. American Dental Ass'n., 527 U.S. 526, 536 (1999).  The purpose of punitive damages is "to punish [the defendants] for

10

[their] outrageous conduct and to deter [them] and others like [them] from similar conduct in the future." Smith, 461 U.S. at 54 quoting Restatement (Second) of Torts § 908(1) (1977).  It will be for you to decide whether or not the standard for punitive damages has been met, and if so, what amount of punitive damages to assess against the Defendants.

**Defendants' Proposal**

On September 15, 2015, the Defendants, Anthony Cicero and John Lopez, were both on duty working as police officers for the City of Springfield.  During the early morning hours, the Defendants observed, what they believed to be the Plaintiff, George Gunter, exiting the doorway of a closed business on Market Street in the City of Springfield.  The Defendants physically detained the Plaintiff as he was crossing Falcons Way. The Defendants state that, although their actions have since been adjudicated improper, their decision to seize Plaintiff was in good faith.

A police officer may stop a person for a "threshold inquiry" where the officers have reasonable grounds to suspect him of criminal activity.  *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *Commonwealth v. Thibeau*, 384 Mass. 762, 763 (1981); *Commonwealth v. Grinkley*, 44 Mass. App. Ct. 63, 65-66 (1997); *United States v. Chhien*, 266 f. 3d 1, 6 (1st Cir. 2001).  The Officer's suspicion must be based on specific facts and such reasonable inferences as may come from those facts, coupled with the officer's experiences.  *Commonwealth v. Silva*, 366 Mass. 402, 406. When conducting a *Terry* stop, a police officer may briefly detain an individual for questioning if the officer has "reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry*, 392 U.S. at 30); see also *United States v. Wright*, 582 F.3d 199, 205 (1st Cir. 2009).

"Under *Terry*, the test is whether the circumstances give rise to a reasonable suspicion of criminal activity, not whether the defendant's actions are subject to no reasonable innocent explanation." *United States v. Stanley*, 915 F.2d 54, 57 (1st Cir. 1990).

Defendants assert that under the totality of the circumstances, the Plaintiff's perceived presence in the doorway of a closed business in an alleyway and unwillingness to speak to Defendants, were sufficient for a reasonable officer, although mistakenly, to believe he/she has reasonable suspicion to detain Plaintiff for a threshold inquiry and inquire further. Therefore, the Plaintiff should be awarded only nominal damages.

Moreover, within only a few minutes the Plaintiff assaulted the police officers. At that point in time the officers had probable cause to arrest Mr. Gunter, and any damages he suffered are limited to the period from the initial stop until he swung at the officers.

<u>Statement Identifying Any Evidentiary Issues Which, If Raised During The Trial, Would Likely Delay The Trial By Fifteen Minutes Or Longer</u>

Whether evidence relating to events subsequent to the seizure, such as the Defendants' proposed evidence that the Plaintiff assaulted the Defendants and the Plaintiff's medical records from the house of correction, are admissible.

Dated: January 6, 2020　　　　　　　　　　By: */s/ Peter Alexander Slepchuk*
　　　　　　　　　　　　　　　　　　　　　　Peter Alexander Slepchuk, BBO#: 682078
　　　　　　　　　　　　　　　　　　　　　　Attorney for the Plaintiff
　　　　　　　　　　　　　　　　　　　　　　155 Maple St., Suite 405
　　　　　　　　　　　　　　　　　　　　　　Springfield, MA 01105
　　　　　　　　　　　　　　　　　　　　　　Tel: (413) 736-3649; Fax: (413) 747-9022
　　　　　　　　　　　　　　　　　　　　　　E-mail: peter.alexander@slepchuklaw.com

Dated: January 6, 2020　　　　　　　　　　By: */s/ Kevin Coyle*
　　　　　　　　　　　　　　　　　　　　　　Kevin B. Coyle, BBO#: 103540
　　　　　　　　　　　　　　　　　　　　　　Attorney for the Defendants
　　　　　　　　　　　　　　　　　　　　　　1299 Page Boulevard
　　　　　　　　　　　　　　　　　　　　　　Springfield, MA 01104
　　　　　　　　　　　　　　　　　　　　　　Tel: (413) 787-1524; Fax: (413) 787-1703
　　　　　　　　　　　　　　　　　　　　　　E-mail: attycoyle@aol.com

Dated: January 6, 2020        By: */s/ Jeremy Saint Laurent*
                                    Jeremy Saint Laurent, BBO#: 698682
                                    Attorney for the Defendant, John Lopez
                                    City of Springfield Law Department
                                    1600 E. Columbus Ave., 2nd Floor
                                    Springfield, MA 01103
                                    Tel: (413) 886-5205; Fax: (413) 750-2363
                                  E-mail: jsaintlaurent@springfieldcityhall.com

Dated: January 6, 2020        By: */s/ Lisa C. deSousa*
                                      Lisa C. deSousa, BBO#: 546115
                                    Attorney for the Defendant, Anthony Cicero
                                    City of Springfield Law Department
                                    1600 E. Columbus Ave., 2nd Floor
                                    Springfield, MA 01103
                                    Tel: (413) 886-5205; Fax: (413) 750-2363
                                  E-mail: ldesousa@springfieldcityhall.com

<u>CERTIFICATE OF SERVICE</u>

I, Peter Alexander Slepchuk, hereby certify that on this 6th day of January, 2020, I served this document upon counsel for the Defendants and all registered parties via the ECF Notice of Electronic Filing (NEF) system.

Dated: January 6, 2020                                                     */s/ Peter Alexander Slepchuk*
                                                                          Peter Alexander Slepchuk